IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GEORGE BRYANT JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TRANS UNION, LLC, et al<br><br>　　　　Defendant. | Civil Action No: 1:23-cv-00613-RP<br><br>AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff GEORGE BRYANT JR., ("Plaintiff"), by and through his attorneys, Jaffer & Associates, PLLC, and brings this *Amended Complaint* against Defendants UNITED HERITAGE CREDIT UNION ("UHCU"), and TRANS UNION, LLC, ("TransU") collectively referred to as the ("Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PREMLIMINARY STATEMENT**

1. This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.,* commonly known as the Fair Credit Reporting Act ("FCRA").

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the one or more of the Defendants reside here, and the Defendants transact business here.

## PARTIES AND SERVICE

5. Plaintiff is an individual and therefore a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. At all times relevant to this case, Plaintiff is a resident of Denton County, Texas.

**UNITED HERITAGE CREDIT UNION ("UHCU")**

7. Defendant UHCU is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b).

8. Defendant UHCU is duly authorized and qualified to do business in the State of Texas and can be served with a copy of this Amended Complaint along with Summons upon President Michael Ver Schuur at 12208 N Mopac Expressway Austin, Texas 78758.

9. UHCU meets the definition of a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**TRANS UNION, LLC ("TransU")**

10. Defendant TransU is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district.

11. TransU is an Illinois company registered to do business in the State of Texas and may be served with process upon The Prentice-Hall Corporation, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, TX, 78701.

12. At all times material hereto, TransU is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

13. At all times material hereto, TransU disbursed such consumer reports to third parties under a contract for monetary compensation.

14. As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

16. On March 29, 2022, Plaintiff and D&M Auto Leasing ("DMAL"), who assigned certain rights respecting the lease agreement to Defendant UH, entered a closed end motor vehicle lease agreement which required Plaintiff to return the vehicle when the Lease Agreement ended in 2026 because Plaintiff was not purchasing the vehicle ("Lease Agreement"). See **Exhibit A**.

17. Plaintiff timely made the agreed upon monthly payments stated in the Lease Agreement.

18. On December 20, 2022, Plaintiff signed a contract to purchase a home and paid the earnest money.

19. After a mortgage lender informed Plaintiff that Plaintiff was approved for a loan subject to him paying off the vehicle under the Lease Agreement, Plaintiff learned that an Account with Defendant UHCU was being reported as having a balloon payment of $20,000 due on November 27, 2026.

**TransU Credit Report**

20. The Account is being reported individual account ("Account") with a balance of $30,778 and a "Balloon payment of $20,020 due November 27, 2026". See **Exhibit B**.

21. Plaintiff has disputed the Account.

22. On or about March 3, 2023, TransU verified the information on the Account as Accurate. See copy of TransU's dispute results attached as **Exhibit B.**

23. TransU continues to report false and misleading information relating to the Account on Plaintiff's TransU credit reports.

**UHCU**

24. Plaintiff has disputed this account several times since he became aware of the incorrect reporting.

25. It I believed and averred that TransU forwarded Plaintiff's dispute to UHCU.

26. It is believed and averred that UHCU conducted investigations after receiving Plaintiff's disputes from TransU.

27. To this day UHCU continues to report false and misleading information relating to the Accounts on Plaintiff's TransU credit report.

28. For these reasons, UHCU violated the FCRA.

29. To this day UHCU continues to report false and misleading information relating to the Accounts on Plaintiff's credit reports despite Plaintiff's dispute.

30. For these reasons, UHCU has violated the Fair Credit Reporting Act.

**Credit Reporting Errors**

31. TransU continues to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons

and credit grantors, both known and unknown.

32. Despite the disputes by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, TransU did not evaluate, reevaluate, or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

33. In the alternative, TransU failed to contact UHCU and therefore failed to perform any investigation at all.

34. In the alternative it is alleged that TransU did forward some notice of the dispute to UHCU and UHCU failed to conduct a lawful investigation.

35. Defendants' furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise superior terms in addition to suffered credit denial, mental anguish, and frustration.

36. Plaintiff has suffered damages as a result of the incorrect reporting and TransU's failure to correct Plaintiff's credit report. Plaintiff has suffered damages as a result of the incorrect reporting and UHCU's failure to correct Plaintiff's credit report.

## FIRST CAUSE OF ACTION
**Willful Violation of the § 1681s2-b as to UHCU**

37. Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

39. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and

completeness of information contained in a consumer credit report.

40. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

41. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

42. UHCU violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported by TransU with respect to the Account; by failing to review all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

43. Specifically, UHCU continues to report the monthly payments after the Account was paid in full inaccurately.

44. As a result of the conduct, action and inaction of the UHCU, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

45. The conduct, action and inaction of UHCU was willful, rendering UHCU liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

46. Plaintiff is entitled to recover reasonable costs and attorney's fees from UHCU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

47. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against UHCU,

for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### Negligent Violation of § 1681s2-b as to UHCU

48.  Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

49.  This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

50.  Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

51.  Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

52.  The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

53.  UHCU is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

54.  After receiving Plaintiff's disputes, UHCU negligently failed to conduct its investigation in good faith and continued to report the Account stemming from identify theft.

55.  A reasonable investigation would require a furnisher such as UHCU to consider and

evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

56. As a result of the conduct, action and inaction of the UHCU, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

57. The conduct, action and inaction of UHCU was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681(o).

58. Plaintiff is entitled to recover reasonable costs and attorney's fees from UHCU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

59. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against UHCU, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
### Willful Violation of § 1681e(b) as to TransU

60. Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

62. TransU violated 15 U.S.C. § 1681I(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransU maintained concerning Plaintiff.

63. TransU has willfully and recklessly failed to comply with the Act. The failure of TransU to comply with the Act include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.      The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.      The failure to promptly and adequately investigate information which TransU had notice was inaccurate;

    e.      The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.      The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransU to delete;

    h.      The failure to take adequate steps to verify information TransU had reason to believe was inaccurate before including it in the credit report of the consumer.

64. As a result of the conduct, action and inaction of TransU, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

65. The conduct, action and inaction of TransU was willful rendering TransU liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

66. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

67. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against TransU, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### Negligent Violation of § 1681I(b) as to TransU

68. Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

69. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

70. TransU violated 15 U.S.C. § 1681I(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransU maintained concerning Plaintiff.

71. TransU has negligently failed to comply with the Act. The failure of TransU to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which TransU had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information

        had advised TransU to delete;

h.    The failure to take adequate steps to verify information TransU had reason to believe was inaccurate before including it in the credit report of the consumer.

72.    As a result of the conduct, action and inaction of TransU, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

73.    The conduct, action and inaction of TransU was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

74.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransU in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**FIFTH CAUSE OF ACTION**
**Willful Violation of § 1681(i)(a) as to TransU**

75.    Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

76.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

77.    TransU violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

78.    TransU has willfully and recklessly failed to comply with the Act. The failure of TransU to comply with the Act include but are not necessarily limited to the following:

a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.       The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.       The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.       The failure to promptly and adequately investigate information which TransU had notice was inaccurate;

    e.       The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.       The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.       The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransU to delete;

    h.       The failure to take adequate steps to verify information TransU had reason to believe was inaccurate before including it in the credit report of the consumer.

79. As a result of the conduct, action and inaction of TransU, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

80. The conduct, action and inaction of TransU was willful, rendering TransU liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

81. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

82. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against TransU, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to TransU

83. Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

84. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

85. TransU violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

86. TransU has negligently failed to comply with the Act. The failure of TransU to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which TransU had notice was inaccurate;

   e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   g. The failure to promptly delete information that was found to be

        inaccurate, or could not be verified, or that the source of information had advised TransU to delete;

h.    The failure to take adequate steps to verify information TransU had reason to believe was inaccurate before including it in the credit report of the consumer.

87.    As a result of the conduct, action and inaction of TransU, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

88.    The conduct, action and inaction of TransU was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

89.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransU in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## DEMAND FOR TRIAL BY JURY

90.    Plaintiff request a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1.    For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

2.    For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

3.    For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

4.    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3); and

5.    For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED:   June 26, 2023                                              Respectfully Submitted,

                                              /s/ *Allen Robertson*
**SHAWN JAFFER**
SB 24107817
**ALLEN ROBERTSON**
SB 24076655
**ROBERT LEACH**
SB 24103582

**JAFFER & ASSOCIATES, PLLC**
5757 ALPHA RD SUITE 580
DALLAS, TX 75240
(T) 214.494.1871 (F) 888.509.3910
(E) ALLEN@JAFFER.LAW ATTORNEYS@JAFFER.LAW
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was electronically filed and served via CM/ECF upon the following, in accordance with the Federal Rules of Civil Procedure on June 26, 2023.

                                              /s/ *Allen Robertson*
                                              Allen Robertson